**Lynn E. LANDES, Appellant,**

v.

**Margaret TARTAGLIONE, in her official capacity as chair of the city Commissioners of Philadelphia; Pedro A. Cortes, in his official capacity as Sec-**retary of the Commonwealth of Pennsylvania; \*Alberto Gonzales, in his official capacity as the Attorney General of the United States (\*Amended per Clerk's Order of 3/1/05).

No. 04–4421, 04–4439.

United States Court of Appeals, Third Circuit.

Submitted United Third Circuit LAR 34.1(a) Aug. 5, 2005.

Decided Nov. 2, 2005.

Lynn E. Landes, Philadelphia, PA, pro se.

Elise M. Bruhl, City of Philadelphia Law Department, Philadelphia, PA, for Margaret M. Tartaglione.

Susan J. Forney, Office of Attorney General of Pennsylvania, Department of Justice, Harrisburg, PA, for Pedro A. Cortes.

August E. Flentje, United States Department of Justice, Civil Division, Appellate Staff, Washington, DC, for Atty. Gen. USA.

Before ROTH, McKEE and ALDISERT, Circuit Judges.

OPINION

PER CURIAM

Lynne Landes filed two suits in the District Court for the Eastern District of Pennsylvania against state and federal government officials seeking injunctive and

132

declaratory relief for alleged violations of Article I § 2 of the United States Constitution, the First Amendment, the Fourteenth Amendment, the Voting Rights Act of 1965 (42 U.S.C. § 1971 et. seq), and 42 U.S.C. § 1983. The first suit challenged the use of electronic voting machines, E.D. Pa. Civil No. 04–cv–03163, and the second suit challenged the use of absentee balloting, E.D. Pa. Civil No. 04–cv–03164. *See* Supplemental Appendix (Nos.04–4421/4439) at 1–18, 48–57. In both cases, the District Court granted the government officials' motions to dismiss, finding that Landes lacked standing to bring suit. Appendix (No. 04–4421) at 3–7; Appendix (No. 04–4439) at 3–8. The appeal of the voting machine suit is docketed at No. 04–4439, and the absentee ballot suit is docketed at No. 04–4421. The appeals were consolidated for disposition.

Our review of the District Court's dismissal for lack of standing is plenary. *Pennsylvania Psychiatric Soc. v. Green Spring Health Serv., Inc.,* 280 F.3d 278, 282 (3d Cir.2002).

A person seeking to invoke federal jurisdiction must establish her standing to sue under Article III § 2 of the Constitution, which limits the courts to hearing actual cases or controversies. *Anjelino v. New York Times,* 200 F.3d 73, 87 (3d Cir.1999). To establish standing, the party must set forth, *inter alia,* specific facts indicating an injury in fact that is "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Storino v. Borough of Point Pleasant Beach,* 322 F.3d 293, 296 (3d Cir.2003); *see also Raines v. Byrd,* 521 U.S. 811, 818–20, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). Viewing the facts alleged in Landes' complaints in the light most favorable to her, *see Pennsylvania Psychiatric Soc.,* 280 F.3d at 283, we agree with the District Court's conclusion that Landes does not allege a "concrete and particularized" injury, and thereby lacks standing. Accordingly, we will affirm.